JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA HASSAN,<br><br>        Plaintiff,<br><br>        v.<br><br>RENTOKIL NORTH AMERICA INC., et al.,<br><br>        Defendants. | Case No. ED CV 25-0985 FMO (SHKx)<br><br>**ORDER REMANDING ACTION** |

On February 21, 2025, Dina Hassan ("plaintiff") filed a Complaint in the San Bernardino County Superior Court against Rentokil North America, Inc. DBA Western Exterminator Company ("Rentokil") and Virginia Suarez ("Suarez") (collectively, "defendants") asserting state law claims relating to her employment. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 3-4); (Dkt. 1-5, Exh. A, Compl. at ¶¶ 2 & 27-85). On April 22, 2025, Rentokil removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). (See Dkt. 1, NOR at ¶ 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S.

500, 501, 126 S.Ct. 1235, 1237 (2006).  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (noting that a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[2] Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.

## DISCUSSION

Rentokil removed the action from state court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] (See Dkt. 1, NOR at ¶ 1). Plaintiff is a citizen of California, (see id. at ¶¶ 7-8), whereas Rentokil is not. (Id. at ¶¶ 9-10). However, the NOR implies that Suarez is a citizen of California. (See id. at ¶ 13). Rentokil contends that Suarez's citizenship should be ignored because she is a sham defendant. (See id. at ¶¶ 13-22).

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (citation omitted). Indeed, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2).

[3] The Complaint asserts only state law claims. (See Dkt. 1-5, Exh. A, Compl. at ¶¶ 27-85).

there is a general presumption against finding fraudulent joinder." Grancare, 889 F.3d at 548 (cleaned up).

Here, Rentokil has failed to show that "plaintiff <u>could not possibly recover</u> against" Suarez. See Mireles, 845 F.Supp.2d at 1063. It is not enough to claim, as Rentokil does, that the allegations in the Complaint are insufficient to give rise to Suarez's individual liability. (See Dkt. 1, NOR at ¶¶ 18-20). In other words, even assuming plaintiff's claim against Suarez is deficiently pled, there exists the possibility that plaintiff could salvage her claim through amendment. See, e.g., Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants did not meet their "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (cleaned up); Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant] for harassment under the FEHA.").

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded that Rentokil has met its "heavy burden" of showing by clear and convincing evidence that plaintiff does not have a colorable claim against Suarez. See Grancare, 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder.") (cleaned up); see also Hamilton Materials, Inc., 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence."). Accordingly, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California, County of San Bernardino, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  Any pending motion is denied as moot.

Dated this 9th day of May, 2025.

                                                              /s/
                                        Fernando M. Olguin
                                    United States District Judge